UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                      :

SHIHEIM L. JONES                  :

                                  :    **MEMORANDUM DECISION AND**

                 Plaintiff,      :    **ORDER**

                                    :

        - against -        :    25-cv-4623 (BMC)

                                    :

                                    :

COMMISSIONER OF SOCIAL SECURITY   :

                                    :

             Defendant.     :

                                    :
------------------------------------------------------------ X

**COGAN**, District Judge.

1.      Plaintiff seeks review of the decision of the Commissioner of Social Security,
following a hearing before an Administrative Law Judge ("ALJ"), that he is not "disabled" for
the purpose of receiving disability benefits under Title II of the Social Security Act.  The ALJ
found that plaintiff had severe major depressive disorder, delusional disorder, and
schizoaffective disorder.  Notwithstanding these severe impairments, the ALJ found that a
polysubstance abuse disorder was a contributing factor material to plaintiff's condition and that
plaintiff had sufficient residual functional capacity ("RFC") to perform his past relevant work as
a cleaner.  As a result, the ALJ found him not disabled.

2.      In this review proceeding, plaintiff raises two points of error.  First, he argues
that the ALJ failed to properly evaluate the medical opinion evidence of his treating psychiatric
practitioner, Nurse Practitioner Shrestha, and the Agency's examining mental health expert, Dr.
Krichmar-Liverant.  Second, he argues that the ALJ failed to properly evaluate his subjective
statements.

3.      In May 2023, Dr. Krichmar-Liverant conducted a psychiatric consultative examination of plaintiff.  Dr. Krichmar-Liverant opined that the results of the examination were consistent with psychiatric problems that might significantly interfere with plaintiff's ability to function daily.

4.      Plaintiff began seeing Nurse Shrestha in September 2024 at Bedford Stuyvesant Family Health.  In November 2024, Nurse Shrestha opined that plaintiff showed signs and symptoms of mood disturbance, sleep disturbance, poor memory, delusions, paranoia, difficulty concentrating, and decreased energy.  Records from Nurse Shrestha also noted a diagnosis of substance abuse and active crystal meth use resulting in auditory hallucinations, suicidal thoughts, and inability to function.

5.      Plaintiff finds several faults with the ALJ's treatment of Nurse Shrestha and Dr. Krichmar-Liverant's opinions: (1) the ALJ failed to recognize that Nurse Shrestha evaluated plaintiff's mental RFC when plaintiff was *not* impaired by drug addiction and alcoholism ("DAA"), so her report satisfied plaintiff's burden of proving that substance use is not material in this case; (2) the ALJ erroneously relied upon non-examining state agency medical consultants when deciding if the evidence of substance abuse was substantial; (3) the ALJ failed to provide an explanation as to why Nurse Shrestha's opinion was rejected; and (4) the ALJ erroneously did not compare the consistency of Nurse Shrestha's opinions with those from Dr. Krichmar-Liverant.  The Court disagrees and will address each of these arguments in turn.

6.      First, it is not dispositive that Nurse Shrestha's report concluded that plaintiff experienced disabling ailments without DAA; the ALJ's finding that DAA *was* material was properly based on other evidence outside that report.  Social Security Ruling ("SSR") 13-2p explains that "[t]o support a finding that DAA is material, we must have evidence in the case

2

record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of DAA.  Unlike cases involving physical impairments, we do not permit adjudicators to rely exclusively on medical expertise and the nature of a claimant's mental disorder."  SSR 13-2p, Titles II & XVI: Evaluating Cases Involving Drug Addiction & Alcoholism (DAA) (Soc. Sec. Admin. Feb. 20, 2013).  Therefore, in determining that plaintiff's DAA was material, the ALJ was required to consider the record beyond Nurse Shrestha's report. The ALJ properly did so.

7.      Although the record does not reveal any extended periods of sobriety, it does include positive evaluations of plaintiff when he did not have access to drugs or alcohol.  Specifically, (1) plaintiff was evaluated as being able to "[get] along with his mother" and "[take] public transportation," "was socially appropriate at exams," and displayed "no evidence of concentration deficits on exams;" and (2) mental status evaluations, though not ideal in all respects, demonstrated that he "exhibited neat and clean appearance, appropriate eye contact, … normal speech, logical and appropriate thought process and content, [and] normal mood."

8.      As to the effect of plaintiff's DAA on his impairments, the record shows that it was significant: (1) plaintiff admitted that he experienced "heightened paranoia and increased negative thoughts due to drug use" and "reported hallucinating, cutting his face with a knife, and increased anger after drug use;" (2) plaintiff admitted that before a psychiatric exam, he used "cocaine the night before, and [used] methamphetamine right before he walked into the office" which affected his results; and (3) plaintiff visited the hospital three times and subsequently visited a treatment center due to severe symptoms caused by drug use.

9.      The record evidence of plaintiff's positive behavior while off drugs and negative behavior while using drugs is "relevant evidence [that] a reasonable mind might accept as adequate to support [the] conclusion" that there was substantial evidence for the ALJ's ruling that plaintiff was not disabled.  See Cage v. Comm'r of Soc. Sec., 692 F.3d 118, 127 (2d Cir. 2012) (quoting Zabala v. Astrue, 595 F.3d 402, 408 (2d Cir. 2010)) (similar factors, while insufficient individually, supported the ALJ's decision when taken together).

10.     Second, the ALJ is allowed to consider the opinions of non-examining sources, such as Dr. Ochoa and Dr. Frances, in tandem with other evidence.  "The opinions of examining physicians are not controlling if they are contradicted by substantial evidence, be that conflicting medical evidence or other evidence in the record."  Krull v. Colvin, 669 Fed. App'x 31, 32 (2d Cir. 2016); see Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002).  Because a consultative examiner provides only a single "snapshot," the ALJ cannot rely entirely upon a one-time consultative assessment to the exclusion of all other evidence.  See Lewis v. Saul, No. 21-cv-1493, 2022 WL 4586241, at *9 (E.D.N.Y. Sept. 29, 2022); Fintz v. Kijakazi, No. 22-cv-337, 2023 WL 2974132, at *5 (E.D.N.Y. Apr. 15, 2023).  By synthesizing the findings of Dr. Ochoa and Dr. Frances alongside the broader longitudinal record, the ALJ properly weighed the conflicting evidence in this case.

11.     Third, plaintiff argues that the ALJ rejected Nurse Shrestha's report without explanation or discussion.  When determining the persuasiveness of medical opinions, the ALJ "must determine whether to credit or reject a particular medical opinion by evaluating two main factors: (1) 'supportability,' i.e., how well the objective medical evidence and explanations given support the medical source's conclusions; and (2) 'consistency,' i.e., how consistent the opinion is with the rest of the record."  Nunez v. Comm'r of Soc. Sec., 164 F.4th 60, 73 (2d Cir. 2025).

4

The Commissioner rightly notes that to support her ruling on Nurse Shrestha's opinion, the ALJ referenced Nurse Shrestha's own December 2024 treatment note at length, which highlighted plaintiff's "normal" behavior and referenced plaintiff's behavior from prior periods of abstinence from DAA.  This evidence is enough to support the conclusion that the ALJ had a sufficient basis for her ruling on Nurse Shrestha's report.

12.    Fourth, plaintiff argues that the ALJ failed to consider the consistency of Nurse Shrestha's assessment with Dr. Krichmar-Liverant's medical examination, which did not reference plaintiff's substance use.  Although Dr. Krichmar-Liverant's medical examination may be consistent with Nurse Shrestha's report, these opinions are not consistent with the longitudinal treatment record.  The ALJ referenced treatment notes during plaintiff's abstinence where he experienced better-controlled symptoms, which contradicts both Dr. Krichmar-Liverant's medical examination and Nurse Shrestha's report.  Within her discretion, the ALJ properly weighed the conflicting evidence in this case.

13.    Regarding his second point of error, plaintiff protests that the ALJ did not properly evaluate his subjective statements.  The Court disagrees.  The ALJ is not required to accept the plaintiff's subjective statements, as the ALJ has discretion to weigh the plaintiff's statements in accordance with the evidence in the record.  Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010).  After weighing plaintiff's statements against the longitudinal treatment record and medical opinions, the ALJ found that plaintiff's statements were not consistent regarding his conditions, which were stable when he was on medication and sober.  The ALJ engaged in an in-depth discussion of the record to arrive to that conclusion, which is within the bounds of the ALJ's discretion.

5

14.     Accordingly, and finding no merit in plaintiff's other arguments, plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's cross-motion is granted.  The case is dismissed.

**SO ORDERED.**

_Brian M. Cogan_
U.S.D.J.

Dated: Brooklyn, New York
        June 22, 2026

6